IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TOMOKO FUNAYAMA : | |
| : | |
| **Plaintiff,** : | |
| : | CIVIL ACTION |
| v. : | |
| : | No. 13-cv-2667 |
| CITY OF PHILADELPHIA, : | |
| MICHAEL LAWSON, ROBERT : | |
| KLINEBURGER, RORY O. : | |
| CONNAUGHTON, NICHIA : | |
| CORPORATION (JAPAN) and : | |
| NICHIA AMERICA CORPORATION : | |
| : | |
| **Defendants.** : | |

**MEMORANDUM**

**STENGEL, J.**                                                                              NOVEMBER 25, 2013

Ms. Funayama filed this action against the City of Philadelphia, Philadelphia Police Officers Michael Lawson and Robert Klineburger, Nichia Corporation (Japan), Nichia America Corporation and Nichia's attorney Rory Connaughton.  The complaint alleges violations of plaintiff's rights under the United States Constitution, the Pennsylvania Constitution and the International Convention on the Elimination of All Forms of Racial Discrimination.  The Nichia defendants and Mr. Connaughton have moved to dismiss the complaint.  For the reasons that follow, I will grant defendants' motion.

**I.     BACKGROUND**

Ms. Funayama is no stranger to this court.  In 2008, Ms. Funayama filed her first complaint against the Nichia Corporation, her former employer, alleging, *inter alia,*

employment discrimination, hostile work environment and constructive discharge. I granted summary judgment for defendants in April 2011. Funayama v. Nichia Am. Corp., No. 08-5599, 2011 WL 1399844 (E.D. Pa. Apr. 13, 2011) *aff'd*, 482 F. App'x 723 (3d Cir. 2012) *cert. denied*, 133 S. Ct. 1820 (2013). Undaunted, plaintiff filed a second lawsuit against Nichia asserting violations of the Lilly Ledbetter Act. Funayama v. Nichia America Corp., No. 12-5406 (E.D. Pa. filed Sep. 21, 2012). Now making her third appearance, Ms. Funyama alleges that Nichia has violated various constitutional and international rights.

Unlike her previous lawsuits, this case arises from events which transpired after she resigned from Nichia. On May 18, 2011, Nichia was an exhibitor at the Light Fair International which was being held at the Pennsylvania Convention Center. Compl. , doc no. 1, ¶ 9. Ms. Funayama, dressed in a full kimono, protested Nichia outside the Convention Center carrying a sign which read, "Illuminate Nichia Discrimination of Women," and "God Hates Nichia Pornography." Id. Ms. Fuanyama alleges that a Nichia employee recognized her, and with the permission of Mr. Connaughton, the employee contacted the Philadelphia Police. [1] Id. ¶ 19-20, 23. Shortly thereafter, Officer Michael Lawson approached plaintiff and began to question her. Id. ¶ 13. When plaintiff's husband told Officer Lawson that Ms. Funayama was exercising her First Amendment rights, Officer Lawson allegedly told plaintiff, "you don't want to go there and if you do, it will get very ugly." Id. ¶ 15. Officer Lawson did not arrest plaintiff or her husband,

---

[1] When Mr. Connaughton learned of the protest, he filed a motion to seal the record of Ms. Funayama's first employment discrimination case. Mot to Seal, Funayama v. Nichia America Corporation, No. 08-5599 (E.D. Pa. June 1, 2011).

but plaintiff discontinued her protest because she was fearful and intimidated by the officer. Id. ¶ 18.

## II. STANDARD OF REVIEW

A complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "give the defendant fair notice of what the . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint need not contain detailed factual allegations, but a plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action" to show entitlement to relief as prescribed by Rule 8(a)(2). Id. at 1965; Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005). A defendant may attack a complaint by a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

In deciding a motion to dismiss under Rule 12(b)(6), the court is required to accept as true all of the factual allegations in the complaint, Erickson v. Pardus, 551 U.S. 89 (2007), and all reasonable inferences permitted by the factual allegations, Watson v. Abington Twp., 478 F.3d 144, 150 (3d Cir. 2007), viewing them in the light most favorable to the plaintiff. Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007). The court is not, however, "compelled to accept unsupported conclusions and unwarranted inferences or a legal conclusion couched as a factual allegation." Baraka v. McGreevey, 481 F.3d 187, 195 (3d Cir. 2007) (quotations and citations omitted). If the facts alleged are sufficient to "raise a right to relief above the speculative level" such that the

plaintiffs' claim is "plausible on its face," a complaint will survive a motion to dismiss. Bell Atlantic Corp., 127 S. Ct. at 1965, 1974; Victaulic Co. v. Tieman, 499 F.3d 227, 234-35 (3d Cir. 2007).

When presented with a pro se complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003). Such a complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." Estelle v. Gamble, 429 U.S. 97, 106 (1976). "[A] district court should not dismiss a pro se complaint without allowing the plaintiff leave to amend unless amendment would be inequitable or futile. Hill v. Rozum, 447 F. App'x 289, 290 (3d Cir. 2011) (citing Alston v. Parker, 363 F.3d 229, 235 (3d Cir.2004); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir.2002)).

## III.  DISCUSSION

Plaintiff's First and Fourth Amendment claims fail against the moving defendants, because they are not state actors. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). While a private individual may be liable under §1983, "the party charged with the deprivation must be a person who may fairly be said to be a state actor." Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 937 (1982). "The critical issue is whether the state, through its agents or laws, has established

a formal procedure or working relationship that drapes private actors with the power of the state." Cruz v. Donnelly, 727 F.2d 79, 82 (3d Cir. 1984).

Plaintiff merely alleges that the moving defendants complained to the police about plaintiff's protest; however, asking the police to investigate, without more, does not create liability under §1983.  *See* Dickerson v. DeSimone, CRIM.A. 09-1551, 2011 WL 3273228 (E.D. Pa. Aug. 1, 2011) (collecting cases).  In order to establish §1983 liability of private parties who participate in an allegedly unconstitutional police investigation, the plaintiff must plead the existence of an agreement between police and the private individual, and under the agreement, the police will arrest anyone identified by the individual without evaluating probable cause.  *See* Cruz, 727 F.2d at 81.  Here, plaintiff makes no allegation that there is an agreement, formal procedure or working relationship. Nor does plaintiff claim that police subordinated their judgment to the will of the moving defendants.  Plaintiff has not sufficiently alleged that the moving defendants were acting under color of state law.[2]  I will dismiss Ms. Funayama's § 1983 claims against the moving defendants with prejudice.[3]

Next, Plaintiff claims that moving defendants violated her rights to free speech under the Pennsylvania Constitution.  The Commonwealth's constitution guarantees citizens the right to "…freely speak, write and print on any subject...." Pa. Const. art. I, §

---

[2] Since I find that Ms. Funayama has not sufficiently alleged that the moving defendants are state actors, I need not decide whether she has sufficiently plead her first and fourth amendment claims.

[3] I am not unmindful that a pro-se plaintiff must ordinarily be granted leave to amend her complaint.  However, given Ms. Funayama's litigation history against the moving defendants, I believe granting leave to amend in this case would be inequitable and futile.  Hill v. Rozum, 447 F. App'x 289, 290 (3d Cir. 2011) (citations omitted) ("[A] district court should not dismiss a pro se complaint without allowing the plaintiff leave to amend unless amendment would be inequitable or futile.")

7.  Unfortunately, Article 1 section 7 does not authorize a private cause of action. <u>Pendrell v. Chatham Coll.</u>, 386 F. Supp. 341, 344 (W.D. Pa. 1974) (finding that article I section 7 contains no self-executing private cause of action, express or implied); <u>Jones v. City of Phila.</u>, 890 A.2d 1188, 1208 (Pa. Cmwlth. Ct.), *appeal denied*, 909 A.2d 1291 (Pa. 2006) ("[n]either statutory authority, nor appellate case law has authorized the award of monetary damages for a violation of the Pennsylvania Constitution."); <u>R.H.S. v. Allegheny Cnty. Dep't of Human Servs., Office of Mental Health</u>, 936 A.2d 1218, 1226 (Pa. Commw. Ct. 2007) (applying reasoning of <u>Jones</u> to Article 1 § 7).  Since there is no private right of action under article 1 section 7, I will dismiss this claim against all defendants with prejudice.

Similarly, plaintiff's claim under the International Convention on the Elimination of All forms of Racial Discrimination is not cognizable.  A treaty does not become domestic law, and cannot support a private right of action, unless Congress has enacted implementing statutes or the treaty is self-executing.  *See* <u>Medellin v. Texas</u>, 552 U.S. 491, 505 (2008).  When the United States Senate ratified the ICERD, it specifically declared that the convention was not self-executing.  140 Cong. Rec. S7634-02, 1994 WL 282789; *see also* <u>Sarei v. Rio Tinto, PLC</u>, 671 F.3d 736, 768 (9th Cir. 2011) *vacated on other grounds sub nom*. <u>Rio Tinto PLC v. Sarei</u>, 133 S. Ct. 1995 (2013).  Since there is no private right of action under the ICERD, I will dismiss this claim against all defendants with prejudice.

**CONCLUSION**

Plaintiff has not sufficiently pleaded that moving defendants were acting under color of state law.  Further, there is no private cause of action under Pennsylvania Constitution article I section 7 or the International Convention on the Elimination of All forms of Racial Discrimination.  I will grant defendants' motions to dismiss with prejudice.  I will also dismiss plaintiff's claims under the Commonwealth's Constitution and the ICERD against the Philadelphia defendants.

An appropriate order follows.